IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE WINN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZUNIGA,<br><br>　　　　Defendant. | No. 2:22-CV-0706-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 31.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. In his motion, Plaintiff contends that the following constitute exceptional circumstances as required under Terrell: (1) he cannot afford counsel; (2) he does not have legal training; (3) he is prescribed medications that "affect[] Plaintiff's memory and concentration"; and (4) a jailhouse lawyer "has written and helped him file every document in this case." See ECF No. 31, pgs. 1-2, 13. The Court finds these circumstances are not exceptional, rather they represent circumstances common to almost every prisoner brining a lawsuit in federal court. A review of Plaintiff's motion for counsel shows that he is able to sufficiently articulate his positions on his own. Furthermore, the issues presented in this case, the use of excessive force by a prison guard and retaliation, are not overly complex factually or legally.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 31, is denied.

Dated:  June 23, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE