IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE WINN,<br><br>        Plaintiff,<br><br>     v.<br><br>M. ZUNIGA,<br><br>        Defendant. | No.  2:22-CV-0706-DMC-P<br><br><br><u>ORDER</u> |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to compel production of documents.  <u>See</u> ECF No. 27.  Also before the Court is Defendant's motion to compel Plaintiff to attend his deposition.  <u>See</u> ECF No. 29.

**I.  BACKGROUND**

    A.    <u>**Plaintiff's Allegations**</u>

        This action proceeds on Plaintiff's original complaint.  <u>See</u> ECF No. 1.  Plaintiff claims Defendant Zuniga violated his rights under the Eighth Amendment and First Amendment.  <u>See id.</u> at 3.  Plaintiff had permission from Lieutenant Valadez to stay in the shade because Plaintiff's "heat meds" were causing him dizziness, a known side effect in temperatures over ninety degrees.  <u>See id.</u>  Valadez then instructed Plaintiff to call if Plaintiff was ordered to leave

the shade.  See id. at 4.  However, Defendant Zuniga ordered Plaintiff and other inmates taking "heat meds" to leave the shade in contradiction to Valadez's orders.  See id. at 4-5.  Plaintiff informed Defendant that Valadez gave Plaintiff permission to remain, and Defendant replied, "I don't give a fuck what Sgt. Valadez said; stand up and put your hands behind your back!" Id. at 1, 5.  Plaintiff complied, but Defendant placed handcuffs on Plaintiff "extremely tight." Id.  Defendant then "slammed Plaintiff's head into the wall, while squeezing the handcuffs even tighter, stating, 'You move again, and I will burst your fucking face and head all over this entire wall!'" Id. at 6.  Plaintiff told Defendant he would "write him up" for assault, and Defendant grabbed him by the handcuffs, causing pain, and threatened to put Plaintiff in "the hole."  See id. at 6-7.

Plaintiff then alleges that Defendant made a false Rules Violation Report on June 18, 2019, claiming that Plaintiff resisted orders and attempted to strike Defendant.  Id. at 7.  Plaintiff denied any resistance against Defendant at the administrative hearing, and inmate witnesses also gave statements supporting Plaintiff's lack of resistance.  Id. at 8.

Plaintiff also claims Defendant retaliated against him in violation of the First Amendment because Plaintiff complained of tight handcuffs and threatened to file an inmate grievance against Defendant (described in Claim I.)  Id. at 9.  Plaintiff alleges Defendant's response "would have chilled or silenced a person of ordinary firmness from pursuing or continuing to exercise his First Amendment rights." Id.  According to Plaintiff, he was placed into administrative segregation because of his protected activity.  Id. at 10.

**B.** **Procedural History**

The Court determined service was appropriate on Defendant as to Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim.  See ECF No. 10.  Defendant filed an answer on November 18, 2022.  See ECF No. 19.  On January 6, 2023, the Court issued a discovery and scheduling order setting July 10, 2023, as the deadline for completion of discovery with dispositive motions due 90 days thereafter.  See ECF No. 24.  On October 18, 2023, the Court stayed the schedule pending resolution of the parties' motions to compel.  See ECF No. 37.

## II. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

    **A.**    **Plaintiff's Motion to Compel Production of Documents**

Plaintiff served requests for production of documents on Defendant on January 18, 2023. See ECF No. 27, pgs. 14-18 (Exhibit A). Defendant served responses on March 3, 2023. See id. at 20-28 (Exhibit B). Defendant also provided a privilege lodge as to documents being withheld. See id. at 30-32 (Exhibit C). At issue in the pending motion to compel are Defendant's responses to request for production nos. 3, 4, 5, 10, and 11.

    1.    Request Nos. 3, 4, and 5

Plaintiff's requests are as follows:

> No. 3    Any and all inmate grievances (formal and informal) filed against Defendant M. Zuniga alleging the use of excessive force by him against inmates.
>
> No. 4    Any and all grievances filed by inmates (formal or informal) against Defendant M. Zuniga alleging retaliation for any reason, particularly for threatening to file a grievance against him.
>
> No. 5    Any and all grievances filed by inmates (formal or informal) against Defendant M. Zuniga alleging medical indifference for any reason, particularly for indifference to inmates taking "heat meds."

ECF No. 27, pgs. 22-24.

Defendant objected to each of these requests because: (1) they are vague, ambiguous, and overbroad; (2) they seek confidential peace officer information; (3) they seek disclosure of information that may violate the privacy rights of non-party inmates; (4) they seek information protected by the official information privilege. See id.

/ / /

1   While Plaintiff does not articulate in his motion to compel why

2   Defendant's responses are inadequate, the Court finds that the objections are not well

3   taken. The time period at issue is necessarily the period of Defendant's employment, and

4   there is no showing by the moving party that this involves a term that is so long as to

5   constitute an undue burden of review. The subject information is relevant under FRE

6   404(b) for one of several non-propensity inquiries, including a showing of the absence of

7   mistake or accident.  Further, the requests do not seek confidential information in so far

8   as each request relates to the existence of grievances filed with Defendant's employer.

9   Plaintiff's motion to compel is granted as to request nos. 3, 4, and 5, and Defendant shall

10  produce those responsive documents in Defendant's custody or control within 30 days of

11  the date of this order.

12          2.      Request No. 10

13          Plaintiff seeks the following documents:

14          No. 10      Any and all rules, regulations, policies, or instructive
                        memorandums or letters, of CDCR, about the use of force
15                      by correctional officers upon inmates, particularly the use
                        of excessive force policies.
16
17          ECF No. 27, pg. 26.

18          Defendant raised a number of objections and, without waiving those objections,

19  produced responsible documents consisting of portions of the California Code of Regulations and

20  policy statements entitled "Reporting and Investigating the Use of Force for Institution/Facility

21  Staff" and "Reporting and Investigating the Use of Force for Field Staff."  Id. at 26-27.

22          As with request nos. 3, 4, and 5, Plaintiff does not articulate why Defendant's

23  response to request no. 10 is inadequate and Defendant's response indicates that responsive

24  documents were produced.  Plaintiff's motion to compel will be denied as to request no. 10.

25          3.      Request No. 11

26          Plaintiff seeks the following documents:

27          No. 11      Produce the CDCR personnel file or records of Defendant
                        M. Zuniga to include any and all material and information
28                      regarding any claims within five-years prior to June 18,

5

2019, which reveal (1) filing false reports, (2) use of excessive force, (3) retaliation, (4) medical indifference, (5) perjury, (6) false statements, falsifying evidence, and (7) issuing false RVRs.

ECF No. 27, pg. 27.

Defendant objected on the basis of privilege arguing that peace officer personnel filed are privileged official records. See id. at 27-28. No responsive documents were produced. See id. at 28.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. See Fed. R. Evid. 501; see also United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. See Kerr, 511 F.2d at 198. The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id. Government personnel files are considered official information. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." Id. at 1033-1034. If the potential disadvantages are greater, then the privilege bars discovery. See id. at 1034.

Balancing the competing interests of the parties, the Court finds that while privilege does not preclude production in this case, a balancing of the parties interests limits the appropriate production to those categories of information specified in the request, and not the entire personnel file. In balancing those interests, the Court finds that Plaintiff may properly seek information relevant to establishing that the actions at issue were neither accident nor mistake, as authorized by FRE 404(b). While the requested information may not be used to show a propensity for wrongful conduct, to the extent it is relevant for other appropriate uses it is subject to discovery. See Fed. R. Evid. 404(b). Further, to the extent Defendant contends there exists an

interest in maintaining the confidentiality of claims made against him by other inmates, there has been no showing in support of such protections and no effort to establish a protective order. Given the nature of the claims at issue, the greater prejudice would be to deny otherwise appropriate discovery.

However, access shall be limited to the seven specified categories of claims enumerated in Request for Production of Documents number 11, and will not extend to Defendant's personnel file as a whole. No showing has been made to support extending Plaintiff's reach into confidential personnel documentation, and Plaintiff has not here satisfied the burden on a motion to compel to explain why the information sought is not privileged and should be produced.

**B.  Defendant's Motion to Compel Plaintiff's Deposition**

Defendant argues that Plaintiff refused to meaningfully participate in his deposition and seeks an order compelling Plaintiff to attend his deposition. See ECF No. 29. Defendant has provided the transcript of Plaintiff's deposition taken on May 15, 2023, in support of his motion to compel. See id. at 24-38. Plaintiff stated at the deposition that he would not participate until Defendant had turned over documents he requested, and which are the subject of his pending motion to compel (addressed above), and because he was "under the influence of drugs" at the time. Id. at 31. With these statements, Plaintiff left the deposition. See id. at 31-32.

Plaintiff's deposition was properly noticed pursuant to Federal Rule of Civil Procedure 30. Defendant is entitled to take Plaintiff's duly noticed deposition. See Kelly v. Williams, 2007 WL 1302422, at *1 (E.D. Cal. 2007). Discovery is not conducted on a tit-for-tat basis and Plaintiff is not permitted to refuse to participate in his deposition because he is dissatisfied with discovery responses provided by Defendant. See Bingham v. Marriott International, Inc., 2022 WL 886116, at *4. The Court will grant Defendant's motion and order Plaintiff to appear at his duly noticed deposition. Plaintiff is cautioned that further refusal to participate may result in dismissal of the entire action on Defendant's motion for terminating sanctions.

///

///

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 27, is granted as to Request for Production numbers 3,4, and 5, and responsive documents are to be produced without objection within 30 days of the date of this order. Plaintiff's motion to compel is denied as to Request for Production number 10.

2. As to Plaintiff's Motion to Compel Request for Production of Documents number 11, ECF No. 27, Plaintiff's Motion is granted only with regard to production of any documents existing in Defendant's personnel file which evidence claims against Defendant arising in the 7 enumerated categories set forth in Request for Production of Documents No. 11. Plaintiff's Motion is denied with regard to the request to produce the entirety of Defendant's personnel file, which file materials this Court finds to be confidential official information.

2. Defendant's motion to compel, ECF No. 29, is granted.

3. Plaintiff shall appear at his deposition duly noticed to take place within 45 days of the date of this order.

4. The stay of the discovery and scheduling order is lifted.

5. Consistent with the provisions of the January 6, 2023, discovery and scheduling order, the parties may conduct additional discovery until November 1, 2024.

6. Dispositive motions shall be filed within 90 days after the discovery completion deadline.

Dated:  September 4, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE