1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RONNIE WINN,                              No.  2:22-CV-0706-DMC-P

12                     Plaintiff,

13          v.                                 <u>ORDER</u>

14   M. ZUNIGA,

15                     Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendant's motion for clarification.  <u>See</u> ECF No.

19   40.  Plaintiff filed an opposition to the motion for clarification on September 30, 2024. <u>See</u> ECF

20   No. 41.  Also before the Court is Defendant's motion to extent the discovery cut-off deadline.  <u>See</u>

21   ECF No. 42.

22

23                              **I.  BACKGROUND**

24          **A.**      <u>**Plaintiff's Allegations**</u>

25          This action proceeds on Plaintiff's original complaint.  <u>See</u> ECF No. 1.  Plaintiff

26   claims Defendant Zuniga violated his rights under the Eighth Amendment and First Amendment.

27   <u>See id.</u> at 3.  Plaintiff had permission from Lieutenant Valadez to stay in the shade because

28   Plaintiff's "heat meds" were causing him dizziness, a known side effect in temperatures over

1

ninety degrees.  See id.  Valadez then instructed Plaintiff to call if Plaintiff was ordered to leave the shade.  See id. at 4.  However, Defendant Zuniga ordered Plaintiff and other inmates taking "heat meds" to leave the shade in contradiction to Valadez's orders.  See id. at 4-5.  Plaintiff informed Defendant that Valadez gave Plaintiff permission to remain, and Defendant replied, "I don't give a fuck what Sgt. Valadez said; stand up and put your hands behind your back!" Id. at 1, 5.  Plaintiff complied, but Defendant placed handcuffs on Plaintiff "extremely tight." Id. Defendant then "slammed Plaintiff's head into the wall, while squeezing the handcuffs even tighter, stating, 'You move again, and I will burst your fucking face and head all over this entire wall!'"  Id. at 6.  Plaintiff told Defendant he would "write him up" for assault, and Defendant grabbed him by the handcuffs, causing pain, and threatened to put Plaintiff in "the hole."  See id. at 6-7.

Plaintiff then alleges that Defendant made a false Rules Violation Report on June 18, 2019, claiming that Plaintiff resisted orders and attempted to strike Defendant.  Id. at 7. Plaintiff denied any resistance against Defendant at the administrative hearing, and inmate witnesses also gave statements supporting Plaintiff's lack of resistance.  Id. at 8.

Plaintiff also claims Defendant retaliated against him in violation of the First Amendment because Plaintiff complained of tight handcuffs and threatened to file an inmate grievance against Defendant (described in Claim I.)  Id. at 9.  Plaintiff alleges Defendant's response "would have chilled or silenced a person of ordinary firmness from pursuing or continuing to exercise his First Amendment rights."  Id.  According to Plaintiff, he was placed into administrative segregation because of his protected activity.  Id. at 10.

**B.**    **Procedural History**

The Court determined service was appropriate on Defendant as to Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim.  See ECF No. 10. Defendant filed an answer on November 18, 2022.  See ECF No. 19.  On May 1, 2023, Plaintiff filed a motion to compel production of documents.  See ECF No. 27. Defendant filed a response to the motion to compel on May 17, 2023. See ECF No. 28. On September 4, 2024, the Court granted in part and denied in part Plaintiff's motion to compel.  See ECF No. 38. The Court

granted the motion to compel as to request nos. 3, 4, and 5. <u>See</u> <u>id.</u>  The decision was based on the finding that information is relevant under Federal Rule of Evidence 404(b) for one of several non-propensity inquiries and because "the requests do not seek confidential information insofar as each request relates to the existence of grievances filed with Defendant's employer." <u>Id.</u> at 5. The Court denied the motion to compel as to request no. 10 because Plaintiff did not state why Defendant's response to that request was inadequate. <u>See</u> <u>id.</u> Additionally, the Court granted the motion to compel as to request no. 11 after balancing the competing interests of the parties. <u>Id.</u> at 6.

> . . . [T]o the extent Defendant contends there exists an interest in maintaining the confidentiality of claims made against him by other inmates, there has been no showing in support of such protections and no effort to establish a protective order.

<u>Id.</u> at 6-7.

In response to the Court's order granting in part the motion to compel, Defendant filed the pending motion for clarification on September 12, 2024. <u>See</u> ECF No. 40.  Plaintiff filed an opposition to the motion for clarification on September 30, 2024.  <u>See</u> ECF No. 41.

## II.  THE PARTIES' ARGUMENTS

### A.    <u>Defendant's position</u>

Defendant requests clarification as to request nos. 3, 4, 5, and 11 regarding redaction of confidential or irrelevant information and the conditions of production.  <u>See</u> ECF No. 40, pg. 1.  As to request nos. 3, 4, 5, Defendant asks that the Court clarify whether Defendant can redact irrelevant or identifying information of third-party inmates because providing such information "raises privacy and safety concerns." <u>Id.</u> at 3. In support of this request, Defendant cites two cases where the District Court ordered redaction of identifying information before requiring production. <u>See</u> <u>id.</u>; <u>Ramirez v. Gutierrez</u> No. 20-cv-1109-MMA (BLM), 2021 WL 4776332, at *6 (S.D. Cal. Oct. 12, 2021) (citing <u>Lamon v. Adams</u>, 2010 WL 4513405, at *3-4 (E.D. Cal. Nov. 2, 2010).

3

1    As to request no. 11, seeking portions of Defendant's personnel file as they relate

2 to specific allegations, Defendant asks to limit Plaintiff's access to the responsive documents to

3 the prison Litigation Coordinator's office and permission to redact personal identifying

4 information of third-party officers and inmates. See id. at 4. Defendant asserts that the

5 information is confidential and thus contraband and subject to seizure in violation of sections

6 30006(d) and 3321(a) of the California Code of Regulations. See id. (citing ECF No. 28 pg. 14-

7 16). In support, Defendant cites Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir.

8 1990), where the Ninth Circuit held that there exists a qualified privilege for official information,

9 including personnel files, in federal common law. See id. Thus, Defendant requests that Plaintiff's

10 access to such documents be restricted to the Litigation Coordinator's office and that Plaintiff not

11 be allowed to bring copies to his cell nor distribute the files, or any copies. See ECF No. 40, pg.

12 4. Defendant also seeks to redact personal identifying information of third-party officers and

13 inmates from the document. See id.

14    **B.** **Plaintiff's Response**

15    Plaintiff's response to Defendant's motion for clarification raises two issues.  First,

16 Plaintiff argues that Defendant should not be permitted to determine what information is relevant

17 when redacting information.  See ECF No. 41.  Second, Plaintiff asserts that Defendant's request

18 to limit production of relevant portions of Defendant's personnel file to Plaintiff accessing such

19 document in the prison litigation office first requires the Court to determine that information is

20 privileged and second requires a motion for protective order. See id. To the first point, Plaintiff

21 argues that Defendant should not have "the power to determine what is relevant or not in this

22 case." Id. at 2.

23    As to the manner of production, Plaintiff argues that for the Court to restrict

24 Plaintiff's access to documents, the Court must first make the determination that such documents

25 are privileged, citing Jones v. McElroy, No. 2:13-CV-1375 GEB, 2015 WL 1014653 (E.D. Cal.

26 Mar. 5, 2015) in support.  See id. at 2-3. Additionally, Plaintiff cites Soto v. City of Concord, 162

27 F.R.D. 603, 613 (N.D. Cal. 1995), where the district court held that when "a defendant meets the

28 threshold requirements, the court will . . . balance each party's interests." ECF No. 41, pg. 3.

Plaintiff asserts that the Court already conducted a balancing test of the parties' interests and found there was "no showing in support of such protections and no effort to establish a protective order." Id. at 3 (citing ECF No. 38 pg. 9). Thus, Plaintiff concludes "that Defendant's remedy is to seek a protective order, not administrative clarification." Id.

## III.  DISCUSSION

### A.      Redaction

Defendant seeks to redact personal identifying information of inmates and third-party officers, not Defendant, from documents responsive to request nos. 3, 4, 5, and 11 to resolve privacy and safety concerns. As Plaintiff's opposition notes, Defendant's motion for clarification requests that Defendant be permitted to redact "portions of the document that are confidential or not relevant." ECF No. 40, pg. 1.  This request will be denied.  The Court's prior order addressed the relevance of the requested documents and ruled such documents are relevant for non-propensity purposes. See ECF No. 38 pgs. 5-6.  Indeed, the Court was clear in that ruling that documents responsive to request no. 11 be limited to documents which evidence claims against Defendant arising out of the seven enumerated categories: (1) filing false reports, (2) use of excessive force, (3) retaliation, (4) medical indifference, (5) perjury, (6) false statements, falsifying evidence, and (7) issuing false Rule Violation Reports, within the period of June 18, 2014, through June 18, 2019. See ECF No. 38, pgs. 6-8. Defendant is not required to disclose Defendant's entire personnel file. Given that the Court already made a definitive ruling about the relevance of the documents, Defendant cannot redact information on the basis of relevance.

Defendant's motion, however, raises a valid concern for the privacy and safety of other inmates and officers.  Defendant offers case law in support of redacting of personal identifying information for such reasons and Defendant made a sufficient showing of such a need in their initial filing. See ECF No. 28. Therefore, the Court concludes it is proper for Defendant to redact personal identifying information of third parties prior to production. Such redactions must be limited to personal identifying information for inmates other than Plaintiff and officers other than Defendant. This includes names, any identification numbers, or similar information.

1     Redacting such information will protect the third-party individuals and the integrity of the

2     grievance process without hindering Plaintiff's meaningful access to such documents.

3                    **B.      This motion will be construed as a motion for protective order.**

4                    Defendant next seeks a protective order to limit Plaintiff's access to documents

5     responsive to request no. 11 to the Litigation Coordinator's office and a restriction barring

6     Plaintiff from copying or distributing said documents. See ECF No. 40, pg. 4. Plaintiff opposes

7     this motion, arguing that such a restriction requires the Court to determine such information is

8     privileged and that Defendant's current motion for clarification is an improper use of an

9     administrative motion. See ECF No. 41, pg. 3. Beginning with Plaintiff's argument that a motion

10    for clarification is not the proper avenue for Defendant to restrict the manner of production, the

11    Court looks to the Local Rules for guidance.  Eastern District of California Local Rule 141

12    outlines the procedure for protective orders and Rule 141(c) requires that proposed protective

13    orders contain:

14                        (1) A description of the types of information eligible for protection under
                          the order, with the description provided in general terms sufficient to
15                        reveal the nature of the information (e.g., customer list, formula for soda,
                          diary of a troubled child);
16                        (2) A showing of particularized need for protection as to each category of
                          information proposed to be covered by the order; and
17                        (3) A showing as to why the need for protection should be addressed by a
                          court order, as opposed to a private agreement between or among the
18                        parties.

19                    E. Dist. Cal. L.R. 141(c).

20                    While Defendant filed an administrative motion for clarification, not a motion for

21    a protective order, Defendant's filing and Plaintiff's opposition satisfy all three requirements of a

22    proposed protective order.  Defendant argues that: (1) request no. 11, portions of Defendant's

23    personnel file, is eligible for a protective order, and (2) a personnel file is privileged and presents

24    a risk to institutional safety if it were "disseminated to the larger prison population." See ECF No.

25    28 pgs. 6, 16.  Third, Defendant argues that Plaintiff's filing in opposition demonstrates Plaintiff

26    is not interested in a private agreement in lieu of a Court issued protective order. See ECF No. 41.

27    / / /

28    / / /

1    Another possible concern about Defendant filing a motion for administrative relief

2    as opposed to requesting a protective order is prejudice to Plaintiff. Administrative motions

3    require the non-moving party to file an opposition or supporting statement within five days after

4    the motion is filed. See E. Dist. Cal. L.R. 233 (b). Here, Plaintiff filed the opposition more than

5    five days after Defendant's motion. See ECF No. 41. To prevent potential prejudice against

6    Plaintiff, the Court has considered and addressed Plaintiff's opposition herein. Given that the

7    requirements of a protective order are satisfied, and that Plaintiff is not prejudiced, the Court will

8    construe Defendant's administrative motion as a motion for a protective order.

9    **C.    Manner of production**

10    Defendant requests that Plaintiff's access to documents responsive to request no.

11    11 be restricted to viewing and reviewing in the Litigation Coordinator's office and that Plaintiff

12    not be permitted to make or distribute originals or copies of the documents. See ECF No. 40.

13    Plaintiff contends that the Court must first determine this information is privileged before

14    issuing a protective order. ECF No. 41, pgs. 2-3. Defendant's opposition to the motion to

15    compel cites case law holding that personnel files are official information that may qualify as

16    privileged under federal common law. See ECF No. 28, pg. 6 (citing Sanchez v. City of Santa

17    Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990)). Sanchez does not confer a general privilege over

18    all government personnel files but directs courts to "weigh the potential benefits of disclosure

19    against the possible disadvantages." Sanchez at 1033-1034.  Plaintiff is correct that this Court

20    did conduct such a balancing test and concluded "the greater prejudice would be to deny

21    otherwise appropriate discovery." ECF No. 38 pg. 7.

22    However, the "threshold showing" Plaintiff seeks to impose on Defendant's

23    protective order is a standard for baring production entirely, not the standard for whether to

24    impose a protective order. See Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995) (citing

25    Kelly v. San Jose, 114 F.R.D. 653 (N.D. Cal. 1987)). Indeed, one of the elements required for

26    this "threshold showing" is a showing that a protective order would not sufficiently resolve

27    privacy concerns. Id. at 613. In Soto, the court decided the privilege did not extend to the

28    requested files and ordered Plaintiff to turn the files over but did so subject production to a

1    protective order. See id. at 617.

2            Here, the Court affirms its previous decision to order disclosure of documents

3    responsive of request no. 11, but the Court recognizes that the manner of production Defendant

4    seeks can be, as discussed above, considered a request for a protective order. Such an order

5    does not bar disclosure, but rather imposes restrictions on access, reproduction, and

6    dissemination. The Court finds this manner of production to satisfy both the disclosure of

7    discovery and the safety concerns Defendant raises. Plaintiff will be given meaningful access

8    to documents responsive to request no. 11 at the Litigation Coordinator's office and be

9    permitted to take notes so Plaintiff can prepare this case. However, the Court requires said

10   documents to stay in that office, not be copied, and bars dissemination of the documents, or

11   copies, to others. This is in accordance with Soto, where the Court required disclosure subject

12   to a protective order. See Soto at 617.

13

14                              **IV. CONCLUSION**

15           Accordingly, IT IS HEREBY ORDERED as follows:

16           1.      Defendant's motion for clarification, ECF No. 40, is granted as to the

17   redaction of personal identifying information of third parties for documents responsive to request

18   nos. 3, 4, 5, and 11. Documents responsive to these requests are to be produced without further

19   objection within 30 days of the date of this order.

20           2.      Defendant's motion for clarification, ECF No. 40, is denied as to the

21   redaction of irrelevant information for documents responsive to request nos. 3, 4, 5, and 11.

22           3.      Defendant's motion for clarification, ECF No. 40, is granted as to the

23   manner of production and Plaintiff's access to documents responsive to request no. 11.  Such

24   documents shall be made available to Plaintiff for inspection in the prison Litigation

25   Coordinator's office, where Plaintiff is permitted to take notes on said documents and bring them

26   with him elsewhere but cannot make copies nor disseminate originals or copies of said documents

27   to others.

28   / / /

                                    8

1              4.       Defendant's motion for an extension of time to conduct discovery, ECF No.

2    42, is granted.

3              5.       Except for the discovery addressed herein as well as the taking of Plaintiff's

4    deposition, discovery in this case is closed.

5              6.       For the discovery addressed herein and the taking of Plaintiff's deposition,

6    the discovery cut-off deadline is extended to January 6, 2025.

7              7.       Dispositive motions are due by April 7, 2025.

8

9    Dated:  November 20, 2024

10   _____

11   DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

9